Filed 9/29/21  P. v. Sedillo CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>LISA SEDILLO,<br><br>      Defendant and Appellant. | B309401<br><br>(Los Angeles County<br>Super. Ct. No. NA085739) |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Appeal dismissed.

David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Lisa Sedillo filed a petition for resentencing under Penal Code[1] section 1170.95. After the court denied the petition, Sedillo appealed. We appointed counsel for her, who filed a brief that asserted no arguable issues and requested that we review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Sedillo did not submit a supplemental brief or otherwise inform us of any issues to be considered. As we explain below, we dismiss the appeal.

**I.**

In 1992, Francisco Moreno shot and killed Jason Bandel outside the home of David and Ricardo Huizar. Sedillo drove the getaway car for Moreno.

In 2010, Sedillo made statements during telephone conversations that implicated herself in the murder. The conversations were recorded pursuant to a judicially authorized wiretap. In 2011, she was charged with Bandel's murder, among other crimes, and convicted by a jury in 2013.

We affirmed Sedillo's murder conviction in April 2015 in a published opinion. (*People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1070.) In rejecting her challenge to the sufficiency of the evidence to support the murder conviction, we stated: "[T]here was substantial evidence from which a rational jury could conclude [Sedillo] intended to aid and abet Moreno's murder of Bandel . . . . Moreno used a rifle wrapped in a towel or sheet, which would have been very conspicuous when carried in the [car Sedillo was driving]; the car drove by with both Moreno and [Sedillo] before the shooting, implying they were surveilling the Huizar home; [Sedillo] sat in the car while the shooting took place and when Moreno came back to the car, sped away, implying she knew what he had done; and the

---

[1] Subsequent statutory references are to the Penal Code.

recorded phone calls demonstrate [Sedillo's] intent to aid and abet." *People v. Sedillo, supra,* 235 Cal.App.4th at p. 1066.)  It does not appear from our opinion or the record in this case that the jury was instructed on either the natural and probable consequences doctrine or the felony-murder rule.

On February 13, 2019, Sedillo filed a petition for resentencing under section 1170.95.  The trial court appointed counsel for Sedillo and ordered the Office of the Los Angeles County District Attorney to file and serve a response to the petition.

On April 18, 2019, the People filed an opposition to the petition on the ground that section 1170.95 violates various constitutional provisions.  The next day, the People filed a supplemental opposition on the ground, inter alia, that Sedillo's murder conviction was not based on the felony-murder rule or the natural and probable consequences doctrine.

On November 14, 2019, Sedillo, through her counsel, filed a response to the People's opposition.  She conceded that the jury that convicted her had not been instructed on either the felony-murder rule or the natural and probable consequences doctrine, but argued that she was entitled to relief because "she was not the actual killer."

Both sides subsequently filed supplemental briefs.

On October 2, 2020, the court denied Sedillo's petition, stating that "there was sufficient evidence for the jury to find beyond a reasonable doubt, as they did, that [Sedillo] aided and abetted Moreno in the murder with implied malice."

Defendant filed a timely notice of appeal and we appointed counsel for her.

## II.

On July 2, 2021, Sedillo's counsel wrote to Sedillo and informed her of his intention to file a brief that does not identify any arguable issues pursuant to *Wende, supra,* 25 Cal.3d 436. He also informed Sedillo of her right to file a supplemental brief and to receiving counsel's copy of the record on appeal. He sent a copy of his brief to Sedillo and filed the brief with this court the same day.

On July 2, 2021, this court sent a letter to Sedillo informing her that she may submit within 30 days a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that appellant wishes this court to consider.

Sedillo did not file a supplemental brief or otherwise inform us of any potential issues for us to consider.

## III.

Although Sedillo's counsel requests that we follow the procedures identified in *Wende*, he acknowledges that a division of this court has held that *Wende* does not apply when, as here, the appeal is other than a direct appeal from the defendant's conviction. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1034 (*Cole*), review granted Oct. 14, 2020, S264278; accord, *People v. Figueras* (2021) 61 Cal.App.5th 108, 111−113, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1132, review granted Mar. 17, 2021, S266853; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)[2] We agree with these authorities.

---

[2] Our Supreme Court has granted review in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], petition for review granted February 17, 2021, S266305, to decide what procedures appointed counsel and the Courts of Appeal must follow when counsel determines that an appeal from an order denying

Under *Cole*, when an appeal is from a collateral attack on a conviction and "the defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned. This is because the order appealed from is presumed to be correct [citation], and in the absence of any arguments to the contrary, ineluctably leads to the conclusion that the appellant has not carried his or her burden of proving otherwise." (*Cole*, *supra*, 52 Cal.App.5th at pp. 1039–1040, rev. granted.)

Here, Sedillo has not filed a supplemental brief. We therefore deem the appeal abandoned and, for that reason, it is dismissed.

---

postconviction relief lacks arguable merit and whether defendants are entitled to notice of these procedures. (Supreme Ct. Minutes, Feb. 17, 2021, p. 200.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:




CHANEY, J.




BENDIX, J.


6